UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RALPH M. NEPTUNE,

     Plaintiff,

  -against-

BROOKLYN PUBLIC LIBRARY; CHOE [sic]
WASSERMAN, Esq.; ULDIS SKRODELIS,
Librarian,

     Defendants.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
12-CV-5948 (WFK)

**KUNTZ, United States District Judge:**

 Plaintiff, currently incarcerated at the Brooklyn House of Detention, filed the instant *pro se* complaint and alleges that the Brooklyn Public Library, Ms. Skrodelis, the librarian at the Cadman Plaza West branch, and Ms. Wasserman, the General Counsel for the Library, violated his constitutional rights pursuant to 42 U.S.C. § 1983. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Court dismisses the complaint for failure to state a claim upon which relief may be granted.

### Background

 Plaintiff states that on May 15, 2012, he was involved in an altercation with another patron at the Brooklyn Public Library.[1] Compl. at 4, ¶ IV. Plaintiff alleges that the patron was watching "porn" on the library's computer and when plaintiff asked him to turn off the computer, the patron struck him with a chair. Id. Plaintiff seeks monetary damages.

---

[1] The Court notes that plaintiff identified by his Book & Case Number -1411206559- was arrested on May 15, 2012, on the charge of First Degree Assault. His next court appearance is scheduled for December 10, 2012 in Kings County Supreme Court. See http://a073-ils-web.nyc.gov/inmatelookup/pages/common/find.jsf (Last visited December 3, 2012).

## Standard of Review

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

## Discussion

In order to maintain a § 1983 action, plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. "Section 1983 itself creates no substantive rights, [but] provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)).

As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks omitted); cf. Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) ("[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'") (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974)).

Here, all of the defendants are private actors. First, the Brooklyn Public Library does not act under color of state law. Breytman v. New York Public Library, No 05 Civ. 10453, 2007 WL 541693, at *2 (S.D.N.Y. Feb. 21, 2007) (the New York City Library is not a governmental institution); Gilliard v. New York Public Library System, 597 F.Supp. 10691074-1075 (S.D.N.Y. 1984) (same). Moreover, the remaining defendants are private individuals. Thus, plaintiff fails to state a claim against the named defendants.

Whereas ordinarily the court would allow plaintiff an opportunity to amend his complaint, see Cruz v. Gomez, 202 F.3d 593, 597–98 (2d Cir. 2000), it need not afford that opportunity here where it is clear from plaintiff's submissions that there is no possibility of a plausible § 1983 claim against these defendants. Therefore, any attempt to amend the complaint would be futile. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile).

## Conclusion

Accordingly, plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
December 7, 2012